HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC., a foreign insurer,

    Plaintiff,

    v.

COLE | WATHEN | LEID | HALL, P.C., a Washington Professional Service Corporation,

    Defendant.

Case No. 2:20-cv-00014-RAJ

**ORDER**

## I. INTRODUCTION

Before the Court are two motions. For the reasons below, Plaintiff's Motion for Partial Summary Judgment Seeking a Declaration of No Coverage (Dkt. # 11) is **DENIED without prejudice**, and Defendant's Motion to Continue Plaintiff's Motion for Partial Summary Judgment (Dkt. # 21) is **GRANTED in part**.

## II. BACKGROUND

This case, at bottom, is about a car crash, an unfiled answer, and a malpractice insurance policy. In January 2016, Denis Vladimirovich Sukhoterin allegedly crashed into Beth Marie Ling's car, injuring Ms. Ling's hip. Dkt. # 13-4 at 3-4.[1] She sued Mr.

---

[1] The parties have not attached the complaint filed in *Ling v. Sukhoterin*, No. 18CV00714 (Or. Cir. Ct. May 24, 2018), so the Court must rely on Plaintiff's motion to set aside default judgment filed in that case for background information.

ORDER – 1

Sukhoterin and the owner of the car, Mariya Timofeyeva, in Oregon state court. *Ling v. Sukhoterin*, No. 18CV00714 (Or. Cir. Ct. May 24, 2018). Defendant COLE | WATHEN | LEID | HALL, P.C. ("CWLH"), a Seattle based law firm, was retained by an insurance company to represent Mr. Sukhoterin and Ms. Timofeyeva. Dkt. # 12-1 at 2.

According to CWLH, it intended to defend and litigate the case. Early on, it had informed Ms. Ling's counsel that it was representing Mr. Sukhoterin and Ms. Timofeyeva. Dkt. # 13-5 at 12-13. It had even engaged in a "lengthy litigation and discovery conference," among other numerous communications, with opposing counsel. *Id.* at 3-5. Despite those informal communications, Ms. Ling's counsel notified CWLH that, if it failed to formally appear in the action or respond to the complaint, he would seek a default judgment against it. *Id.* at 31-32. As a result, CWLH drafted an answer and directed a staff member to file it. *Id.* at 4. But it would later learn, only after it received notice that default judgment was actually entered against it, that the answer was not in fact filed. *Id.* at 4-7. It turns out that Ms. Ling's counsel had indeed pursued and obtained a default judgment, ex parte, after CWLH failed to file its answer. *Id.* at 5-6.

CWLH moved to set aside the default judgment. Dkt. # 13-4. It was denied. Dkt. # 13-6. And it appealed. Dkt. # 13-7 at 2-6.

### A. The Associated Industries Policy

Awaiting the appeal, CWLH sent a letter to its professional liability insurer, Plaintiff Associated Industries Insurance Company, Inc. ("Associated Industries"), notifying them of the above events and tendering a claim for coverage. Dkt. # 12-1. Ultimately, Associated Industries denied coverage because CWLH knew of a "wrongful act" before the policy period began, an exclusion in the underlying insurance policy. Dkt. # 12-2; *see also* Dkt. # 12-4.

CWLH's policy with Associated Industries was for the period of September 26,

ORDER – 2

2018, to September 28, 2019.[2]  Dkt. # 12-2 at 3.  Under the policy, CWLH was to be covered so long as "the Insured ha[d] no knowledge of such Wrongful Act prior to the Inception Date of th[e] Policy." *Id.* at 3-4.  "Inception Date" meant September 26, 2018, the start of the policy period.  *Id.* at 6.  "Wrongful Act" meant "any actual or alleged negligent act, error, or omission committed or attempted in the rendering or failing to render Professional Services." *Id.* at 4.  CWLH was not covered under the policy, Associated Industries reasoned, because it knew of a Wrongful Act (failure to timely file the answer) before the Inception Date (CWLH first learned on June 4, 2018, that the answer was not filed, more than three months before the Inception Date of September 26, 2018).  *Id.* at 6.

### B. Parallel Proceeding

After it was denied coverage, CWLH filed a lawsuit in King County Superior Court, which was later removed to this Court: *Cole Wathen Leid Hall, PC v. Associated Industries Insurance Co, Inc.*, No. 2:19-cv-02097-RAJ (W.D. Wash. removed Dec. 30, 2019) (hereinafter *Cole Wathen*).  At the time, Associated Industries was not named as a defendant in *Cole Wathen*, so it filed this suit days later.  Eventually, CWLH would amend its complaint in that case to add Associated Industries.  Amended Complaint, *Cole Wathen* (Dkt. # 16).  In *Cole Wathen*, CWLH asserts several claims against Associated Industries, including breach of contract, bad faith, violations of the Insurance Fair Conduct Act, and negligent claim handling.  *Id.*  In this action, on the other hand, Associated Industries seeks declaratory judgment on and rescission of the same insurance policy in *Cole Wathen*.  Dkt. # 1 at 6-8.

Just over two months after filing its complaint here, Associated Industries moved for partial summary judgment.  Dkt. # 11.  It seeks a declaration that it does not owe

---

[2] Mary Prugh's declaration claims to attach the policy as Exhibit 7, but it appears that the wrong exhibit was attached.  The Court will rely on the parties' representations about the policy and the portions of the policy that they have excerpted.

ORDER – 3

1  coverage for CWLH's alleged malpractice. *Id.* at 1. CWLH responded, Dkt. # 17, and
2  filed a motion under Rule 56(d) to continue the summary judgment motion so that it may
3  conduct discovery, Dkt. # 21. This Order addresses both motions.

### III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

### IV. DISCUSSION

Associated Industries moves for a declaration that it owes no coverage for CWLH's alleged malpractice. Dkt. # 11 at 1. In response, CWLH seeks to dismiss the case under the first-to-file rule. Dkt. # 17 at 7-15. It says that this case, filed January 3, 2020, was filed after *Cole Wathen*, filed December 10, 2019, and should be dismissed in the interest of federal comity. *Id.* CWLH made a nearly identical argument in *Cole Wathen*, which the Court rejected. Order at 4, *Cole Wathen* (Dkt. # 44). The Court reiterates here: "Both [this case and *Cole Wathen*] were filed in this district, and both

ORDER – 4

cases are now before one judge. Thus, the need for comity is diminished, and the first-to-file rule does not apply." *Id.*; *see also Amezquita v. Target Corp.*, No. 5:18-cv-01109-JVS-SP, 2018 WL 6164293, at *3-4 (C.D. Cal. July 9, 2018) (compiling cases). The Court rejects CWLH's first-to-file argument here as well and will not dismiss this case on this ground.

Next, CWLH argues that it needs to conduct discovery and that the motion for partial summary judgment should be continued accordingly. *Id.* at 15; Dkt. # 21. The Court agrees; summary judgment is premature. Although judges have "discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). In this case, Associated Industries moved for partial summary judgment just over two months after it filed its complaint and before CWLH could obtain discovery. Dkt. # 11; Dkt. # 22 ¶¶ 3-4. And while Associated Industries's motion is technically permissible under the federal rules, Ninth Circuit precedent counsels against granting such motions if the party opposing summary judgment has not had an opportunity to pursue discovery. "Where . . . a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56 [(d)] motion fairly freely." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

To obtain a continuance under Rule 56(d), the nonmoving party must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The declaration must be timely and must specifically identify relevant information where there is some basis for believing the

ORDER – 5

information sought actually exists. *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox*, 353 F.3d 1125, 1129 (9th Cir. 2004). If a court concludes additional discovery is warranted, it may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Here, CWLH meets the requirements for relief under Rule 56(d). First, CWLH's request is timely. It first raised the request for discovery in its response to Associated Industries's motion for partial summary judgment. Dkt. # 17 at 15. And just four days later it filed a separate motion seeking the same relief. Dkt. # 21. Second, in support of its request, CWLH submits a declaration of its counsel, Rick J. Wathen, which identifies with adequate specificity areas of relevant discovery. Dkt. # 18. For example, Mr. Wathen contends that discovery may yield "a copy of the claims file including the diary notes," which will reveal how Associated Industries interprets and applies similar policies. *Id.* ¶ 3.

Associated Industries argues that discovery is unnecessary given that interpretation of the insurance policy is a question of law and that the policy terms are unambiguous, obviating the need for extrinsic evidence. Dkt. # 24 at 3-5. However, contract interpretation is not solely a legal question if a provision is subject to multiple reasonable interpretations. *Hall v. Custom Craft Fixtures, Inc.*, 937 P.2d 1143 (Wash. Ct. App. 1997) ("Summary judgment is not proper if the parties' written contract, viewed in light of the parties' other objective manifestations, has two or more reasonable but competing meanings."); *see also W. Washington Corp. of Seventh-Day Adventists v. Ferrellgas, Inc.*, 7 P.3d 861, 866 (Wash. Ct. App. 2000) ("Extrinsic evidence may be used whether or not the contract language is ambiguous."). Likewise, the "materiality" of any alleged breach is a question of fact. *See Bailie Commc'ns, Ltd. v. Trend Bus. Sys.*, 765 P.2d 339, 342 (Wash. Ct. App. 1988).

Even if a dispute of material fact is not readily apparent from this limited factual

ORDER – 6

record—a conclusion the Court declines to reach at this stage—summary judgment in Associated Industries's favor is inappropriate given that CWLH has had no opportunity to engage in discovery and develop its theory of the case. *See Burlington*, 323 F.3d at 774 ("[T]he party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid.").

Accordingly, the Court **GRANTS in part** CWLH's Rule 56(d) request for additional discovery. Dkt. # 21. Rather than continuing Associated Industries's motion for partial summary judgment, the Court **DENIES the motion without prejudice** to refiling after the parties have engaged in a reasonable amount of discovery. *See Burlington Northern*, 323 F.3d at 773-74.

## V. CONCLUSION

For the above reasons, Associated Industries's Motion for Partial Summary Judgment Seeking a Declaration of No Coverage (Dkt. # 11) is **DENIED without prejudice** and CWLH's Motion to Continue Plaintiff's Motion for Partial Summary Judgment (Dkt. # 21) is **GRANTED in part**. Given the significant overlap between this case and *Cole Wathen*, the Court implores the parties to minimize redundancy and maximize efficiency in litigating the two cases. To that end, the Court instructs the parties to **submit a joint statement within 14 days of the entry of this Order**. That statement should be no longer than ten pages and should describe how the parties intend to coordinate their discovery, motion practice, and trial between this case and *Cole Wathen*.

DATED this 2nd day of July, 2020.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7